# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION # 1399 HEALTH AND WELFARE TRUST,<br><br>Plaintiff,<br>vs.<br>TOM McMANUS,<br><br>Defendant. | CASE NO. 09cv843 WQH (BLM)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is Plaintiff's Motion for Attorney's Fees. (Doc. # 14).

**BACKGROUND**

Plaintiff initiated this action by filing the complaint on April 22, 2009. (Doc. # 1). On February 18, 2010, the Court granted Plaintiff's unopposed Motion for Summary Judgment. (Doc. # 13). The Court found that Plaintiff had established that Defendant had failed to pay contributions and dues to Plaintiff in violation of a labor agreement between the parties, a settlement agreement between the parties, the Employee Retirement Income Security Act ("ERISA"), and the Labor Management Relations Act ("LMRA"). *Id.* at 3, 7. The Court found that Plaintiff, the collections agent for employer contributions and dues for three trust funds associated with the Glaziers Architectural Metal and Glass Workers & Resilient Floor and Decorative Covering Workers Union # 1399 of San Diego and Imperial Counties, was

entitled to $15,707.06 in damages for unpaid contributions and dues, liquidated damages, and interest. *Id.* at 6-7. The Court concluded that Plaintiff was also entitled to recover "reasonable attorney's fees and costs" pursuant to 29 U.S.C. § 1332(g)(2). *Id.* at 8. However, the Court held that Plaintiff had failed to carry its burden of establishing that the amount of attorney's fees to which it was entitled. *Id.* The Court therefore denied the motion for attorney's fees and costs without prejudice and with leave to refile. *Id.* The Court ordered Plaintiff to "submit any request for attorney's fees and costs with documentation within sixty (60) days of the date of this order." *Id.* On April 19, 2010, Plaintiff filed its Motion for Attorney's Fees. (Doc. # 14). Defendant did not file an opposition.

**ANALYSIS**

Plaintiff contends that it is entitled to $16,560.00 in attorney's fees. (Doc. # 14-1 at 2). In support of the motion, Plaintiff submitted the declaration of Melissa W. Cook, the named partner in the law firm representing Plaintiff. (Doc. # 14-2). Cook states she has practiced law in California for over 25 years and has had numerous ERISA cases. *Id.* at 1. Cook states that the billing rate of associates in her firm is $225.00 per hour and that her associates spent 73.6 hours in total on this case, billing a total of $16,560.00. *Id.* at 2. Cook states that her firm "prepared the Complaint, attended an Early Neutral Evaluation Conference, prepared initial disclosures on behalf of Plaintiff, attended a scheduling conference, researched and drafted a successful summary judgment motion, and prepared this motion for attorney's fees." *Id.* Cook states that in her opinion this is a reasonable fee based on the twelve factors identified by the Ninth Circuit to evaluate awards of attorney's fees. *Id.* at 2-3. Plaintiff also submitted the billing records of two associates who worked on the case detailing how each attorney spent her time working on the case. *Id.* at 4-12.

Pursuant to ERISA, in an action "by a fiduciary for or on behalf of a plan" for failure to contribute to a multi-employer benefit plan pursuant to 29 U.S.C. § 1145, if the plaintiff obtains judgment in its favor, "the court shall award the plan . . . reasonable attorney's fees and costs of the action to be paid by the defendant . . . ." 29 U.S.C. § 1132(g)(2); *see also Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. __, No. 09-448 (May 24, 2010). Awarding fees to a

successful plaintiff in an action pursuant to 29 U.S.C. § 1145 is mandatory pursuant to 29 U.S.C. § 1132(g)(2). *Northwest Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, (9th Cir. 1996).

The twelve-factor test set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), is the appropriate test for determining whether attorney's fees requested pursuant to 29 U.S.C. § 1132(g)(2) are reasonable. *See Trs. of the Constr. Indus. and Laborer's Health and Welfare Trust v. Summit Landscape Cos.*, 460 F.3d 1253, 1255 (9th Cir. 2006). The twelve factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70 "[A] district court should provide a concise but clear explanation of its reasons for the fee award." *Trs. of the Constr. Indus.*, 460 F.3d at 1257 (citation omitted).

The Court finds that the detailed documentation submitted by Plaintiff's attorneys establishes that 73.6 hours was a reasonable amount of time to spend on the case. *See* Doc. # 14-2 at 4-12. The Court finds that the legal issues involved in the case are neither novel nor difficult for a law firm with experience in ERISA cases, an area of law in which Plaintiff's law firm has handled "numerous cases." *See* Doc. # 14-2 at 1. The Court finds that the hourly rate of $225.00 per hour is reasonable for representation in an ERISA case in the Southern District of California. In light of these factors, the Court concludes that Plaintiff is entitled to $16,560 in attorney's fees pursuant to 29 U.S.C. § 1132(g)(2).

IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney's Fees in the amount of $16,560 is granted. (Doc. # 14) .

DATED: May 28, 2010

**WILLIAM Q. HAYES**
United States District Judge